IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GISELLE NEVAREZ, et al., | No. 1:24-cv-2447 |
| Plaintiffs, | Hon. Judge Manish S. Shah |
| v. | Hon. Mag. Judge Jeffrey T. Gilbert |
| HIGH HEELS DANCING CO., d/b/a HIGH HEELS GENTLEMEN'S CLUB, *et al.* | Jury Trial Demanded |
| Defendants. | |

**PLAINTIFFS MOTION FOR CIVIL CONTEMPT**

### I. Background

Based on Defendants' continued refusal to refusing to comply with this Court's orders, this Court should grant Plaintiffs' Motion for Civil Contempt and other relief. Plaintiffs are all former dancers at High Heels Gentlemen's Club in Somanauk, Illinois. On March 26, 2024, they filed a class action complaint "Complaint" that alleged Defendants misclassified dancers as independent contractors to avoid complying with the Federal Labor Standards Act ("FLSA") and other Illinois state laws (Dkt. # 1; Dkt. #22, p. 1; Dkt. #4, pp. 1-2). The full factual and procedural history is outlined in Plaintiffs' Motion to Enforce, filed on September 19, 2024 (Dkt. #34).

On August 8, 2024, this Court issued an order (the "First Order") requiring Defendants to provide a list of dancers who worked for Defendants from March 25, 2021, to the present, along with contact information, including addresses, emails, phone numbers, and social media handles, by August 29, 2024 (Dkt. #28). Defendants failed to comply, forcing Plaintiffs to file a motion to enforce this Court's First Order on September 19, 2024 ("Motion to Enforce"). (Dkt. #34). Upon presentment of the Motion to Enforce, this Court issued a Second Order on September 24, 2024, requiring Defendants to: (1) produce all cell phones, tablets, and computers used for business operations at High Heels for forensic imaging; (2) provide user IDs and passwords for all email, social media, and

1

messaging accounts used by High Heels; and (3) post a notice in the dancers' dressing room informing potential opt-ins of the litigation. (Dkt. #39). Defendants have once again refused to comply with this Court's Second Order.

This Court should find Defendants in contempt for willfully violating this Court's clear and unambiguous Second Order. Defendants failed to produce the items this Court ordered them to produce by September 27, 2024. They acknowledged their failure to produce these items in an email to Plaintiff's counsel on the day of the deadline. In that email sent at 3:44 p.m. on the day of the deadline, in relevant part, Defendants' Counsel stated as follows:

> [] The user IDs and passwords for the Facebook and Instagram accounts are being gathered and will be provided to you shortly.
>
> Defendants have one cell phone and one tablet which have been used to conduct business operations at High Heels. Those items are available for production. However, we do not want to let those items out of our control. Since you had indicated, you have retained an expert to examine those items, please provide me with the contact information of your expert and I will contact that individual immediately to arrange for the production of those items for the imaging which is to be done, while I remain at that location for an immediate return of those items to me.

See Ex. 1, Defendants' September 27, 2024, email. Defendants made no substantial effort to comply with this Court's order, as evidenced by their (in)actions in failing to turn over a single social media UserID/password, by failing to even acknowledge their obligation to turn over email passwords, let alone actually turn them over, and by failing to timely provide a single electronic device directly to plaintiffs' Counsel for forensic imagining. Defendants failed to even feign any reasonable diligence.

Defendants' actions in the face of two orders from this Court are so egregious that they warrant both remedial and coercive civil contempt sanctions. *See U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010); *F.T.C. v. Think Achievement Corp.*, 144 F. Supp. 2d 1029, 1033 (N.D. Ind. 2001) ("Coercive sanctions seek to induce future behavior… Remedial sanctions… compensate an aggrieved party for losses from the contemnor's disobedience."). In fact, the only aspect of the Second Order that Defendants even bother alleging that they complied with is the posting of a notice in their facility,

2

asserting, "Pursuant to the Order entered by Judge Shah on September 24, High Heels Dancing Co. has posted the notice you proposed in the dressing room at the club." See Ex. 1. Defendants failed to support this representation with any evidence of their alleged compliance.

**II.     Legal Standard**

To prevail on a motion for contempt, the moving party must establish, by clear and convincing evidence, that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010); *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir.1986) (quoting *H.K. Porter Co. v. Nat'l Friction Prods.*, 568 F.2d 24, 27 (7th Cir.1977)). Once a *prima facie* case has been shown, the burden shifts to the respondents to come forward with evidence showing explicitly why they were unable to comply with the Court's Orders. *See United States v. Rylander*, 460 U.S. 752, 755, 757 (1983) *reh. denied*, 462 U.S. 1112 (1983); *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). However, if the respondents are responsible for their inability to comply, such a defense is unavailable. *United States v. Bryan*, 339 U.S. 323, 330-32 (1950); *U.S. v. Seetapun*, 750 F.2d 601, 605 (7th Cir. Ill. 1984). Even the presence of good faith on the part of a respondent does not constitute a defense. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). If the meaning of the order is clear, the issue is whether it has been violated. *Abbott Laboratories v. Apotex, Inc.*, 455 F.Supp. 831, 833 (N.D.Ill. 2006) *citing McComb*, 336 U.S. at 191; *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1353 (Fed.Cir.1998).

Plaintiffs also restate and incorporate by reference the legal standards set forth in the Motion to Enforce, including those for compelling Defendants' compliance with the First Order, compelling discovery responses under FRCP 37(a)(3)(B), remedying Defendants' failure to comply with this Court's discovery order under Rule 37(b)(2), and addressing Defendants' failure to preserve

3

electronically stored information (ESI) under Rule 37(e). See Dkt. #34, pp. 11-12. In light of the arguments raised in the Motion to Enforce, and this Court's decision to defer ruling on the full Motion pending consideration of the parties' submissions, and given Defendants' new violation of the Second Order, Plaintiffs also restate and incorporate their prayers for relief from the Motion to Enforce. These include but are not limited to: compelling Defendants' compliance with the First Order, requiring Defendants to fund the costs of imaging their devices, seeking sanctions for ESI spoliation (up to and including a default judgment), and continuing to stay the notice period. *Id.* at 18-19.

### III. Argument

Defendants willfully violated the clear and unambiguous Second Order. Therefore, based on the facts as stated above, this Court should grant Plaintiffs' Motion for Civil Contempt in its entirety. Defendants have now demonstrated an established pattern of disregard for this Court's orders, necessitating this and other motions. See Dkt. # 34. Defendants' failure to comply with this Court's Second Order on the same issues as the First Order, is a significant and willful violation, as evidenced by their (in)actions in failing to turn over a single social media UserID/password, failing to turn over email login information, failing to turn over website login credentials, and by failing to timely provide a single electronic device directly to Plaintiffs' Counsel for forensic imaging. Defendants failed to even bother feigning any reasonable diligence.

Plaintiffs respectfully request that this Court exercise its inherent authority to enforce compliance with its orders, and ensure judicial proceedings are conducted in an orderly manner, and grant their Motion for Civil Contempt in its entirety. *See Bankers Life & Cas. Co. v. Derouin*, No. 20 CV 50340, 2020 WL 10963972, at *3 (N.D. Ill. Nov. 10, 2020), *report and recommendation adopted*, No. 20 CV 50340, 2021 WL 3910143 (N.D. Ill. Sept. 1, 2021) (*quoting United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)). Plaintiffs request that this Court grant them the following relief:

4

1. Order Defendants to pay the costs and attorneys' fees incurred in bringing both the Motion to Enforce and this Motion for Civil Contempt;
2. Compel Defendants to comply with this Court's Order within 24 hours by first producing:
    a. A sworn declaration specifying the make, model, and type of **all** electronic devices used by Defendants in the past three years for posting dancers' photos on social media, handling dancer employment applications, and communicating with dancers, as covered by the First Order granting Plaintiffs' Motion for Conditional Certification (March 26, 2021, to the present);
    b. A corresponding sworn statement, setting forth the steps taken to comply with both the First and Second Orders, by Defendants' counsel, which also affirms that he has exercised the factual diligence required under Rule 11, as to the contents of Defendants' sworn statement;
    c. Any tablets used to post dancers' information on social media, which, upon information provided to Plaintiffs' Counsel by witnesses, is believed to be a model of an iPad;
    d. Mathioudakis' personal cell phone, which was used to communicate with dancers;
    e. Any other devices referenced in Defendants' sworn declaration;
3. Require Defendants to bear the cost of forensic imaging;
    a. Compel Defendants to provide all usernames, email addresses, passwords, and any other information required to access:
        i. Email accounts: <highheelsdancing@gmail.com>, <hhdinc50@gmail.com>, <admin@highheelsgentlemensclub.com>;

      ii. Facebook accounts: <https://www.facebook.com/HighHeelsSaloon/> and <https://www.facebook.com/profile.php?idti100089812308224> (Dino Heels); and

      iii. Instagram account: "High Heels Gentlemen's Club" (@highheelssaloon);

4. Compel Defendants to provide necessary information to retrieve messages from their domain;

5. Require Defendants to provide daily photographic proof that the court-ordered notice is posted;

6. Compel Defendants to produce any independent contractor agreements or class waivers given to collective members since this litigation began;

7. Require Defendants to fund a social media campaign to notify collective members of their rights under this lawsuit if spoliation of records is found;

8. Enter a default judgment against Defendants;

9. Continue staying the notice and opt-in period until Defendants comply fully with the Court's Order; and

10. Grant any other relief this Court deems proper.

**Dated**: October 1, 2024

Respectfully submitted,
/s/     *Max Barack*
One of the Plaintiffs' Attorneys

CERTIFICATE OF SERVICE

I, Max Barack, hereby certify that on October 1, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

|  |  |
|---|---|
| The Garfinkel Group, LLC<br>(Lead Attorney) Max Barack<br>max@garfinkelgroup.com<br>701 N. Milwaukee Avenue, The CIVITAS<br>Chicago, IL 60642<br>(312) 736-7991 | */s/    Max Barack*<br>One of the Plaintiffs' Attorneys |

**Service List**
Wayne B. Giampietro, LLC
840 Audobon Way
Unit 116
Lincolnshire, Illinois, 60069
Wayne B. Giampietro
wgiampietro@giampietrolaw.com