UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GISELLE NEVAREZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 24 C 2447 |
| | ) | |
| HIGH HEELS DANCING CO. et al. | ) | Judge Maniah S. Shah |
| d/b/a HIGH HEELS GENTLEMEN'S | ) | Magistrate Jeffrey T. Gilbert |
| CLUB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR CIVIL CONTEMPT**

Defendants, High Heels Dancing Co., and Konstantin Mathioudakis, file this Response to

Plaintiffs' Motion for Civil Contempt.

**I. Background**

Plaintiffs' claim that Defendants have refused to comply with this Court's orders is false.

Defendants have provided all of the material they have to Plaintiffs. As we have previously

informed both Plaintiffs' counsel and the court, the information which Defendants had regarding

Plaintiffs was destroyed in a flood which occurred in August 2023. Because of this event,

virtually all of the information which Defendants had regarding the women who worked as

dancers at High Heels Dancing Co. is no longer available to Defendants. Defendants simply

cannot produce what they do not have.

Plaintiffs' claim that defendants were to have produced to Plaintiffs' counsel the

electronic devices in their possession which were used to communicate with the Internet about

the operations of High Heels Dancing Club, is a complete change of position from the discovery

which Plaintiffs served upon Defendants. In Plaintiffs Supplemental Requests for Production,

Request No. 1, Plaintiffs requested Defendants to produce Konstantinos Mathiodakis' cellular phone. That request specifically stated: "For purposes of this Request, "for inspection" shall mean a mutually agreed-upon third-party vendor, who will image Defendant Mathioudakis' device, sequester any attorney-client communications, and produce a deliverable of all communications between Defendant Mathioudakis and each collective/class member." (Plaintiffs' Exhibit 14, p. 9). It was this specific statement in Plaintiffs' own request which Defendant's counsel relied upon in writing his message to Plaintiffs' counsel that he would arrange to produce both the cell phone and lap top which Defendants had which were responsive to Plaintiffs' request for production to an expert identified by Plaintiffs' counsel. (Exhibit 1 attached to Plaintiffs' Motion for Civil Contempt), As of this date, Plaintiffs' counsel has still not identified the third-party vendor who is to inspect the devices which Defendants are to produce.

Defendants did delay in turning over the passwords requested by Plaintiffs, as defendants did not remember them offhand, and had to examine other documents to find them. Those passwords have now been provided to Plaintiffs' counsel, as well as other material requested by Plaintiffs. (Defendants' Exhibit 1) Defendants may have been a little tardy in responding to Plaintiffs' First Set of Supplemental Requests for Production of Documents to Both Defendants, but they have prepared and serve upon Plaintiffs' counsel a response to that discovery request. (Defendants' Exhibit 2)

As directed by this Court's order entered October 4, 2024, counsel for Defendants will produce the cell phone and laptop at the Court hearing in this matter on October 8, 2024.

## II. Legal Standard

To prevail on a contempt finding, the moving party must establish by clear and convincing evidence that 1) a court order sets forth an unambiguous command, 2) the alleged contemnor violated that command, 3) the violation was significant, meaning the alleged contempt or did not substantially comply with the order; and 4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *U.S.S.E.C. v. Hyatt,* 621 F. 3d 687, 692 (7th Cir. 2010); *Ferrell v. Pierce,* 785 F.2d 1372, 1383 (7thCir. 1986). Due process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings. Id at p. 694.

In a civil contempt proceeding such as this, a defendant may assert a present inability to comply with the order in question. *United States v. Rylander,* 460 U.S. 752, 757 (1983) Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing order or to compensate the complainant for losses sustained as a result of the contumacy. *U.S. v. Dowell,* 257 F. 3d 694, 699 (7th Cir. 2001).

## III. Argument

Plaintiffs' argument that Defendants have failed to provide to them a list of dancers who worked for Defendants from March 25, 2021 to the present is a mis-statement of the record in this case. Defendants have provided all of the information they have regarding the dancers who worked for High Heels Dancing Co. They have provided evidence that any information which formerly existed was destroyed and is no longer available. (See Defendants' Exhibit 2) As noted above, the inability to provide the information requested is a complete defense to any claim of contempt. Defendants simply cannot produce what they no longer have. They cannot be punished for this.

3

Defendants will have produced the cell phone and laptop which they used for business operations at High Heels at the time of the hearing in this case. They have provided the user identifications and passwords for the social media accounts they have used. (See Defendants' Exhibit 1)

In short, every basis claimed by Plaintiffs for any finding of contempt is not true. It would be a violation of due process for this Court to impose any sanctions on these defendants, as they have done everything they can to comply with Plaintiffs' discovery requests and this Court's orders.

Finally, Plaintiffs have not attempted to make any showing whatsoever that they have been harmed by any delay in receiving the information which Defendants have supplied. Showing such harm is a specific requirement for holding a party in contempt. No such showing has been made by Plaintiffs.

**IV. Conclusion**

Since Defendants have complied with all of the Court's orders as of the date of the hearing on Plaintiffs' Motion to hold them in Contempt, that motion must be denied.

S/Wayne B. Giampietro

Wayne B. Giampietro
Attorney for Defendants
840 Audubon Way, Unit 116
Lincolnshire, IL 60069
847 370 5619
wgiampietro@giampietrolaw.com

4

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

Max P. Barack
Haskell Garfinkel
The Garfinkel Group, LLC
701 N. Milwaukee Avenue, THE CIVITAS
Chicago, IL 60646

via email to: max@garfinkelgroup.com. Prior to 5:00 P.M. on October 7, 2024

S/ Wayne B. Giampietro