UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GISELLE NEVAREZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 24 C 2447 |
| | ) | |
| HIGH HEELS DANCING CO. et al. | ) | Judge Maniah S. Shah |
| d/b/a/ HIGH HEELS GENTLEMEN'S | ) | Magistrate Jeffrey T. Gilbert |
| CLUB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO ENFORCE THIS COURT'S ORDER, TO COMPEL DISCOVERY,
FOR DISCOVERY SANCTIONS, TO STAY THE NOTICE AND OPT-IN
PERIOD, AND TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS**

Defendants, High Heels Dancing Co., and Konstantin Mathioudakis, file this Response to Plaintiffs' Motion for Sanctions, and other relief.

**I. Background**

Plaintiffs have filed this Motion to Compel Discovery, based on the belief that Defendants have information which they do not have.

The short response to this motion is that Defendants have provided all of the information they have regarding former employees to Plaintiffs. As is set forth in the affidavit of Dimitri Kalaitzakis, the owner of the stock in High Heels, he has produced all of the information which he has which is responsive to Plainti8ffs' requests.

Plaintiffs assert that there should be information available because there have been emails between dancers and High Heels Gentlemen's Club. However, as is set forth in the affidavit of Mr. Kalaitzakis, no one on behalf of Defendants have retained that information. Obviously, until this suit was filed, there was no reason for anyone involved with Defendant to

maintain that information. They had no inkling that a suit such as this would be filed. Indeed, as shown by the documents produced by Defendants regarding the funds received by Plaintiffs while working at High Heels, they received more than the minimum salary mandated by Illinois law.

Defendants are producing the devices which they have used in communicating with dancers, and posting matters to the Internet. Whatever information is contained on those devices are being made available to Plaintiffs. Defendants simply have no other information which they can produce to Plaintiffs. Plaintiffs' arguments that there is information available on Instagram and other accounts on the Internet does nothing to support their claim that Defendants have withheld information. Any information which is available on the Internet is available to Plaintiffs and is not something which they can request this Court to order Defendants to produce. If that information is available to the public, then Plaintiffs have full access to that information.

## II. ARGUMENT

Plaintiffs' arguments are all speculative, or demonstrate that Plaintiffs have access to the information they seek. The various statements by Plaintiffs which refer to communications they have had with Defendants do nothing other than to demonstrate that the information they seek is available to Plaintiffs, and is not controlled by Defendants.

Plaintiffs' claim that Defendants destroyed communications in violation of their obligation under Rule 37, Federal Rules of Civil Procedure is wholly without merit. The destruction of documents in this case occurred long before this case was filed. There is nothing in any of the Federal Rules of Civil Procedure which require a party to produce information which it does not have. Defendants did not knowingly destroy the information Plaintiffs seek, as they contend. The information was destroyed in a flood which was not caused by any act of

Defendants. They did not cause that catastrophe. Contrary to Plaintiffs' arguments, Defendants have produced photographs showing the damage caused by the flood, and documents showing their expenditures in cleaning up the damage caused by that flood.

Plaintiffs' arguments are all based upon conjecture. Their claims are based upon arguments which are not supported by any facts in this case. Defendants had no obligation to maintain copies of all of their electronic postings when there was no litigation imminent as far as they knew.

The long and short of this situation is that Defendants have produced everything they have which is responsive to Plaintiff's inquiries. They simply have no further information. Plaintiffs have produced nothing that shows that Defendants were required to maintain information about individuals whom they did not regard as employees, but were independent contractors who worked solely for tips which they received from customers.

The Supreme Court has decreed that a party such as Defendants are entitled to assert an inability to comply with the request for information. *United States v. Rylander,* 460 U.S. 752, 757 (1983). That is exactly what Defendants have done here. Despite all of their arguments and assumptions, Defendants simply have no further information to provide in response to Plaintiffs' demands that they identify all of the dancers who previously worked for them.

### III. CONCLUSION

Plaintiffs have provided no proof that Defendants have failed to produce information in their possession. They have produced all of the information they have regarding former dancers at High Heels Dancing Co.

WHEREFORE, Defendants pray that Plaintiffs; Motion to Compel Discovery and sanctions be denied.

S/Wayne B. Giampietro<br>
Attorney for Defendants

Wayne B. Giampietro, LLC
840 Audubon Way, Suite 116
Lincolnshire, IL 60069
847- 370-5619
email: wgiampietro@giampietrolaw.com
Attorney ID No. 0947776

## CERTIFICATE OF SERVICE

I certify that the foregoing copy of Defendants' Motion to Extend Time Within Which To Respond to Plaintiffs' Motion for Conditional Certification and Issuance of Notice

> Max Barack
> Haskell Garfinkel
> The Garfinkel Group, LLC.
> 701 N. Milwaukee Ave, The CIVITAS
> Chicago, IL 60642

on the 8th day of October, 2024 before the hour of 5:00 p.m. via email to max@garfinkelgroup.com, and Haskell@garfinkelgroup.com

s/Wayne B. Giampietro