UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GISELLE NEVAREZ, et al.,

Plaintiffs,

v.

HIGH HEELS DANCING CO. and
KONSTANTINOS MATHIOUDAKIS,

Defendants.

No. 24 CV 2447

Judge Manish S. Shah

**ORDER**

Plaintiffs' motion for entry of default as a sanction for civil contempt and under Rule 37(e) is granted. The court enters an order of default against defendants, establishing defendants' liability for all claims in plaintiffs' amended complaint [4]. The court further bars defendants from offering any evidence to contest class certification under Rule 23, and the calculation of damages for any plaintiff or class member other than individuals about whom defendants have produced payment records. Plaintiffs must still prevail on their burdens to establish entitlement to specific relief. The court will consider interim relief, including seizure of assets, arrest of defendants' principals, or appointment of a receiver, *see* Fed. R. Civ. P. 64, 66, certification of a class under Fed. R. Civ. P. 23, along with final relief after further briefing and evidentiary support. Plaintiffs may file and notice motions for further relief on the court's regular motion call.

**STATEMENT**

Defendants' track record of noncompliance with court orders leaves no room for any inference other than willful disobedience. Defendants ignored plaintiffs' motion for conditional certification of a collective action. *See* [28].* The court ordered defendants to provide a list of all dancers who worked for defendants from March 25, 2021, to the present, including all known contact information, by August 29, 2024. [28]. Defendants claimed to produce all documents in existence containing contact information for potential members of the collective and claimed that a water leak destroyed all records. *See* [30]; [34]; [43]. Defendants claimed, under oath, to have no further information regarding the names of dancers and claimed not to have access to any email communications with dancers. [45-1]. Defendants claimed that they used

---

* Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

only two email accounts. *See* [47] at 2. The court ordered defendants to turn over devices and disclose every email address used by defendants. [46]. Defendants removed a SIM card from one of the devices before turning it over. [47] at 4. Plaintiffs' forensic investigation then revealed seven undisclosed email accounts and the deletion of over 7,000 emails after September 24, 2024. The deleted emails included communications with individuals who responded to defendants' form application to work—strongly suggesting that the emails contained information of at least some people who eventually did work for defendants. *See* [50-1] at 10. Defendants permanently deleted emails between October 9, 2024, and October 10, 2024. [47] at 2–3.

Although defense counsel made defendants available to answer any questions from the court, the defense did not offer any facts to contradict plaintiffs' assertions in their filings (supported by affidavits and other exhibits). I credit plaintiffs' facts and find that defense counsel's unsupported claim that his clients did not know they were not allowed to delete emails to be incredible. Defendants willfully concealed or destroyed email addresses, electronic devices (the SIM card), and the contents of emails, all in order to prevent the court and plaintiffs from implementing notice for the collective action. Plaintiffs' forensic investigator reports that many of the deleted emails cannot be recovered; they cannot be restored or replaced through additional discovery. This has prejudiced plaintiffs by hampering their attempt to alert potential members of the collective of their right to participate. Identifying and contacting potential members who work in this industry takes a few steps—people use stage names, work intermittently, and change contact information. Defendants necessarily are the source for the first step. Hiding the contents of electronic devices and accounts materially hindered the court-ordered notice process.

If the failures here were "mere clumsy lawyering" then a court should not resort to its inherent authority to impose sanctions. *Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018). This was not just bad lawyering. Defendants' conduct violated court orders and their discovery obligations under Rule 37. Their disobedience was in bad faith (the only inference to be drawn from removing the SIM card from a device the court had ordered to be forensically reviewed and deleting emails after October 8, 2024). Delay in notice to potential members affects the ultimate relief, because of the running statute of limitations. Continuing to drag out the litigation to unwind defendants' contempt for the court will only impede a timely resolution. The sanction of default judgment is appropriate. *See Fuery*, 900 F.3d at 464, 466. And as outlined above, the elements of Rule 37(e) sanctions have also been met. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839, 958–59 (N.D. Ill. 2021); Fed. R. Civ. P. 37(e)(2)(C).

Default judgment, although a harsh sanction, is necessary here to protect the integrity of the court and civil litigation. Defense counsel has repeatedly asserted that plaintiffs' claims have no merit. Defendants could have participated and defended the

case honestly; instead, they chose first to ignore the motion for conditional certification and then obstruct justice. Anything short of default would deprecate the seriousness of the violation.


ENTER:


Date: November 19, 2024

Manish S. Shah
U.S. District Judge