UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GISELLE NEVAREZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 24 C 2447 |
| | ) | |
| HIGH HEELS DANCING CO. et al. | ) | Judge Maniah S. Shah |
| d/b/a/ HIGH HEELS GENTLEMEN'S | ) | Magistrate Jeffrey T. Gilbert |
| CLUB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HIGH HEELS DANCING CO. MOTION TO VACATE
ORDER OF NOVEMBER 19, 2024, OR IN THE ALTERNATIVE,
TO STAY SAID ORDER**

Defendant, High Heels Dancing Co., moves this Court to vacate its Order dated November 19, 2024 ("default order") granting Plaintiffs; motion for entry of default pursuant to Federal Rules of Civil Procedure 55( c) and 60(b)(1), or, in the alternative, stay the Order of November 19, 2024, and in support of this Motion represents to the Court as follows:

**I. Introduction**

1. Defendant High Heels Dancing Co. turned over all of the information which it had in response to Plaintiffs request for production.

2. Defendant turned over to Plaintiffs' counsel for inspection its tablet which it maintained at its premises, as directed by this Court.

3. Co-defendant, Konstantinos Mathioudakis, also provided his cell phone for inspection.

4. Subsequently, it was discovered that Defendant Konstantinos Mathioudakis had removed the sim card from his cell phone before turning it over to Plaintiffs' counsel.

5. Neither counsel nor any other member of High Heels Dancing Co. were aware of the fact that the sim card had been removed from Mathioudakis' cell phone.

6. Most importantly, although it had the tablet and cell phone for over three weeks, no one on behalf of Plaintiffs ever informed counsel for Defendants that the cell phone was missing its sim card. It was only after counsel for Plaintiff returned the tablet and cell phone to counsel for Defendants that Plaintiffs asserted that the sim card was not in the cell phone when it was produced for inspection by Plaintiffs.

7. Had counsel for Plaintiffs informed Defendants' counsel that the sim card was missing from the cell phone, counsel for Defendants would have taken steps to obtain that sim card for insertion into the cell phone during the time it was being inspected on behalf of Plaintiffs.

8. Defendant Konstantinos Mathioudakis has obtained his own counsel to represent him during the remainder of this case, and has filed his own Motion to Vacate the Order of November 19, 2024, which sets forth his position regarding the production of the sim card and other materials which had been removed from his cell phone.

9. Defendant High Heels Dancing Co. was not responsible for any failure to produce documents or the destruction of documents in this case. As is set forth in the Declaration of Dimitri Kalaitzakis, attached to Defendants' response to Plaintiffs' Motion for Sanctions, Defendant High Heels Dancing Co. produced all of the information which it had regarding the identity of those individuals who worked as dancers at its establishment.

## II. PLAINTIFFS HAVE NOT COMPLIED WITH RULE 37

As is set forth in the affidavit of counsel for Defendant High Heels, Plaintiffs' counsel has not complied with the requirements of Rule 37. Rule 37(a)(1) provides that any motion moving for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs' counsel had Konstantinos cell phone for over three weeks. At no time during those three weeks did Plaintiffs' counsel inform Defendants' counsel that the sim card had been removed from the cell phone which had been provided to it. Had such a notification been made, counsel for Defendants would have secured that sim card and provided it to Plaintiffs; counsel.

This failure to comply with Rule 37 by Plaintiffs' counsel makes the entry of the order finding Defendants in default improper. At the most, this Court may enter an order "staying further proceedings until the order is obeyed." Rule 37(b)(2)(A)(iv). This is the most appropriate action by the Court, as this case has just commenced and has not proceeded with any oral discovery of any kind as of yet.

As the motion filed by Konstantinos Mathioudakis demonstrates, the information Plaintiffs seek is obtainable. All that is required is some additional time within which to allow the actions to be taken to recover any information which may have been deleted by Mathioudakis from his cell phone.

3

**III. HOLDING HIGH HEELS DANCING CO. IN DEFAULT DEPRIVES IT OF DUE PROCESS**

As has been demonstrated above, Plaintiffs' counsel has not complied with the provisions of Rule 37. To hold High Heels Dancing Co. in default at this time will deprive it of its constitutional right to due process. As demonstrated in Mathioudakis' Motion to Vacate, the information which Plaintiffs seek is still recoverable. The failure to comply with discovery is not final. While there may be some delay in that discovery, that delay is solely due to the conduct of Mathioudakis, not that of any other individual involving High Heels, particularly its owner.

When the failure to comply has been due to the inability of a party, not willfulness, bad faith or any fault of that party, an order of default should not be entered.. *Societe Internationale v. Rogers,* 3l57 U.S. 197, 78 S. Ct. 1087 (1958). The issues on which this Court relied in entering its order of default have nothing to do with the merits of any claim by any of the Plaintiffs in this case. The issue leading to the entry of that Order had to do with the attempts by Plaintiffs to discover others who might be available to join as Plaintiffs in this case. It has nothing to do with the merits of any claim. The powers to issue sanctions must be exercised with restraint and discretion. *Chambers v. NASCO, Inc,* 501 U.S. 32, 44 (1991). In order to issue sanctions such as that contemplated by the Court here, the Court "must find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake" before it may choose a sanction such as a default. *Ramirez v. T & H Lemon, Inc.,* 845 F.3d 772, 776 (7th Cir. 2016).

4

The Court must evaluate the conduct at issue in the context of the litigation as a whole to ensure that the "penalty (is) proportionate to the wrong." *Ridge Chrysler Jeep, LLC v. Daimler Chrysler Fin. Serv. Ans. LLC.,* 516 F.3d 623, 626 (7th Cir. 2008). High Heels Dancing Co. submits that penalty finding it in default is far out of proportion to the wrong involved - which as we have explained above, may be cured. None of the missing information has anything to do with the merits of Plaintiffs claims against this Defendant. The best interests of justice are best served by resolving cases on their merits. *Long v. Steepro,* 213 F.3d 983, 986 (7th Cir. 2000). Nothing about the alleged misconduct of Defendants has anything to do with the merits of the case.

### III. CONCLUSION

Plaintiffs have provided no proof that anything Defendants have done has prejudiced their claims for damages in this case. The missing information which has not yet been divulged to Plaintiffs regarding other potential plaintiffs in this case is going to be made available to Plaintiffs.

WHEREFORE, Defendants pray that the Court vacate its Order of November 19, 2024, or at the very least, issue a stay of the default order against Defendants until such time as Defendant Konstantinos complies with the Court's previous discovery orders of August 8, 2024 and September 24, 2024.

                                        S/Wayne B. Giampietro
                                        Attorney for Defendants

Wayne B. Giampietro, LLC
840 Audubon Way, Suite 116
Lincolnshire, IL 60069
847- 370-5619
email: wgiampietro@giampietrolaw.com
Attorney ID No. 0947776

CERTIFICATE OF SERVICE

    I certify that the foregoing copy of DEFENDANT HIGH HEELS DANCING CO. MOTION TO VACATE ORDER OF NOVEMBER 19, 2024, OR IN THE ALTERNATIVE, TO STAY SAID ORDER on

    Max Barack
    Haskell Garfinkel
    The Garfinkel Group, LLC.
    701 N. Milwaukee Ave, The CIVITAS
    Chicago, IL 60642

on the 26th day of November, 2024 before the hour of 5:00 p.m. via email to max@garfinkelgroup.com, mailto:Cfrymre@rsplaw.com and Haskell@garfinkelgroup.com

                                            s/Wayne B. Giampietro